# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD M. DOUGLAS,**  )
  )
  **Plaintiff,**  )
  )
**vs.**  )  CIVIL NO. 09-cv-1015-DRH
  )
**RICHARD PARSONS, et al.,**  )
  )
  **Defendants.**  )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Edward Douglas, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

---

[1] Douglas actually invokes jurisdiction under 42 U.S.C. § 1983. However, because Defendants are federal employees, jurisdiction for this action is found under 28 U.S.C. § 1331.

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Defendants Robert Alvarado and Richard Parsons are federal public defenders who represented Douglas in federal criminal proceedings that took place within the Central District of Illinois. *See United States v. Douglas*, Case No. 02-cr-20040 (C.D. Ill., filed May 3, 2002), *aff*'d 408 F.3d 922 (7th Cir. 2005). Defendant Don Espinoza is alleged to be an investigator employed by the federal public defenders' office. In this action, Douglas seeks damages of at least $20 million against these three Defendants for their actions and inactions that led to his conviction and current incarceration.[2]

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement

---

[2] The claims in this action are similar to those presented in *Douglas v. Parsons*, Case No. 09-cv-481-MJR (S.D. Ill., filed June 24, 2009), in which Douglas sought damages for legal malpractice against Parsons and Alvarado.

upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. The rationale in *Heck* applies to *Bivens* actions. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2nd Cir. 1995). Thus, until Douglas has successfully challenged his federal conviction, he has no claim for damages in a civil rights action.

In summary, his complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to Douglas bringing his claims in a future lawsuit, but only after he has successfully challenged his federal conviction.[3] Douglas is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   June 16, 2010.**

/s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3]  It appears that Douglas has filed an unsucessful challenge to his conviction pursuant to 28 U.S.C. § 2255. *Douglas v. United States*, Case No. 06-cv-02113-MPM-DGB (C.D. Ill., filed June 5, 2006), *certificate of appealability denied, Douglas v. United States*, No. 07-1947 (7th Cir. Aug. 9, 2007).